**GIBSON DUNN**

Laura Sturges
Of Counsel
T: +1 303.298.5929
M: +1 720.404.4199
lsturges@gibsondunn.com

September 4, 2025

VIA ECF

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re: *Community Legal Services in East Palo Alto v. U.S. Department of Health and Human Services*, No. 25-2808 (9th Cir.) Response to the Government's 28(j) Letter

Dear Ms. Dwyer:

On behalf of Plaintiffs-Appellees' ("Providers"), we write in response to Appellants' (the "Government") Rule 28(j) letter addressing the Supreme Court's holding in *National Institutes of Health v. American Public Health Association*. ECF 92.1. The Government contends that *National Institutes of Health* is relevant to this Court's consideration of the district court's jurisdiction over Providers' claims. Providers agree that *National Institutes of Health* is relevant to jurisdiction, because it illustrates precisely why the district court has jurisdiction in this case and the Tucker Act does not apply.

*National Institutes of Health* involved an application to stay the district court's decision to vacate two separate agency actions under the Administrative Procedure Act ("APA"): the issuance of internal guidance and the termination of certain research grants. Ultimately, the Supreme Court granted the application to stay as to the grant terminations but *denied* the application as to the guidance. ECF 92.1 at 1; ECF 92.2 at 2.

Providers' APA claims are plainly more akin to the challenge to internal guidance than to the challenge to grant terminations in *National Institutes of Health*. Unlike the plaintiffs in *National Institutes of Health*, Providers have never sought an order directing the Government to reinstate any contract. *See* Compl., *Am. Pub. Health Ass'n v. Nat'l Insts. of Health*, No. 25-cv-10787, 2025 WL 995428 (D. Mass. Apr. 2, 2025). Instead, Providers sought—and the district court awarded—an injunction under the APA requiring the Government to provide services mandated by Congress. The mere relationship to a contract is not sufficient to invoke Tucker Act jurisdiction. *Nat'l Insts. of Health*, 2025 WL 2415669, at *2 (Barrett, J., concurring).

Further, as to irreparable harm to the Government, the facts of these cases illustrate why the Government's claim fails here. In *National Institutes of Health*, the district court's order required the Government to reinstate specific grants to provide funding for specific projects run by specific

# GIBSON DUNN

people. In contrast, here, the Government is merely required to spend appropriated funds in the manner mandated by Congress. Such an order cannot constitute irreparable harm. ECF 62.1 at 66.

I certify that the body of this letter contains no more than 350 words.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Laura Sturges*
       Laura Sturges